IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20738
_____

AARON WAYNE MCCLEARY,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Texas

(D.C. No. H-97-CV-3895)
_____

April 6, 2000

Before REAVLEY, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court dismissing this second writ application is affirmed. As explained by the court in its memorandum and order of July 17, 1998, this application is procedurally barred.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the state court denied habeas corpus on the ground of the procedural bar in 1997, a question has been raised about the effect of a decision of the Texas Court of Criminal Appeals in 1998 that may have changed the Texas law to the extent that petitioners with successive applications attacking convictions for the first time, although raising complaints that could have been raised in prior applications, are not procedurally barred from doing so. We view that question as one for the Texas courts. Conceivably, the Texas court could revisit McCleary's claims, but his pending application has been dismissed for the reason of the procedural bar under Texas law. As the district court said, federal habeas review is barred when a state court declines to address the petitioner's claims because he failed to meet the state procedural requirements.

AFFIRMED.